IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZAFAR MUZOFIROV,       *Petitioner,* | : <br> : <br> : |
| v. | :    CIVIL NO. 25-7371 <br> : |
| JAMAL L. JAMISON et al.,       *Respondents.* | : <br> : <br> : <br> : |

**Scott, J.**                                                                   **January 16, 2026**

## **MEMORANDUM**

Petitioner Zafar Muzofirov filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1 at 13 [hereinafter Pet.]. Muzofirov alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates the Immigration and Nationality Act ("INA") and his Due Process rights. *Id.*

Muzofirov is a thirty-five-year-old noncitizen from Tajikistan. Pet. ¶ 40. He entered the United States at the southern U.S. Border in August 2023. *Id*. ¶ 40–41. He applied for asylum based on persecution in Tajikistan, and his wife and one of his minor children are derivatives on his asylum claim (while his second minor child is a U.S. citizen). *Id*. ¶¶ 42–43, 49. On December 22, 2025—more than two years after Muzofirov initially entered the country—ICE arrested him while he was driving near his home in Philadelphia and did not provide Muzofirov with a particular reason as to why he was arrested. *Id.* ¶ 45–46. The Government obliquely concedes that Muzofirov was not given notice as to why he was arrested by ICE, simply repeating several times throughout its brief that the Department of Homeland Security has the authority and discretion to terminate parole grants. *See, e.g.*, ECF No. 7 at 1, 9–10 [hereinafter Government's Resp.]. ICE

placed Muzofirov in the Philadelphia Federal Detention Center. Pet. ¶ 46.

On the Government's view, Muzofirov is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." Muzofirov challenges the Government's interpretation, instead arguing that his detention violates the INA and that the relevant statutory framework is that of § 1226(a). Pet. ¶ 59–61.

The Government argues, unconvincingly, that Muzofirov is detained under § 1225(a)(1) because he is, on the Government's view, an "arriving alien." Government's Resp. at 1. As the Government fails to acknowledge even once in its briefing, "the law is piled sky high against" it on this issue. *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases). Moreover, Muzofirov has been in the United States for more than two years, which strains credulity to consider him an "arriving alien" as the Government insists. *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States."). Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Muzofirov's detention violates the INA.[1] 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 WL 3171639 (E.D.

---

[1] In addition, the Government argues that this Court lacks jurisdiction to address Muzofirov's claims. Government's Resp. at 4–8. The Court again adopts the reasoning in *Kashranov* and *Demirel* and the litany of similar cases to reject the Government's jurisdiction argument.

Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Muzofirov's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Muzofirov is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Muzofirov under 8 U.S.C. § 1226(a) for seven days following his release.